IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHAKEERA M. PENNEWELL, :
:
    Plaintiff, :
:
    v. : Civil Action No. 23-429-RGA
:
UNITED STATES DISTRICT :
COURT, et al., :
:
    Defendants. :

Shakeera M. Pennewell, Middletown, Delaware.  Pro Se Plaintiff.

## MEMORANDUM OPINION

November 7, 2023
Wilmington, Delaware

*[signature: Richard G. Andrews]*
**ANDREWS, U.S. District Judge:**

Plaintiff Shakeera M. Pennewell appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4).[1] She commenced this action on April 19, 2023. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Plaintiff brings suit for money damages against Defendants United States District Court and the United States Marshal Service ("USMS") based on an August 2020 incident in which the USMS called her into court via a subpoena served at her home. The USMS surrounded her home and were prepared to kick the door in when she opened the door, was grabbed by the wrist, and arrested with no further details. She was held in a cell for three hours. Either on the same day or on another day, she was forced to answer questions pertaining to a robbery, about which she had no knowledge, for an hour and a half without her own counsel present, in violation of her Fifth Amendment rights. The experience left Plaintiff and her family traumatized.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening

---

[1] Plaintiff lists co-plaintiffs, none of whom signed the Complaint. Given that she does not appear to be an attorney, and therefore cannot represent other litigants, the Court considers her the only Plaintiff. *See* 28 U.S.C. § 1654; *see also Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children).

provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

2

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

It is well-established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Moreover, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994) (noting that the Government has not waived sovereign immunity for claims seeking damages against federal agencies for constitutional violations). Accordingly, both Defendants are immune from suit.

To the extent that Plaintiff is attempting raise a Fourth Amendment search and seizure claim, she might arguably have had a cognizable *Bivens* claim against individual members of the USMS involved in her arrest. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971) (permitting a Fourth Amendment search and seizure claim against federal agents). *Bivens* claims, however, like claims under 42

3

U.S.C. § 1983 against state officials, are governed by the statute of limitations used for personal injury claims by the state in which the alleged offense occurs. *See DePack v. Gilroy*, 764 F. App'x 249, 251 (3d Cir. 2019) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010), and *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In Delaware, personal injury claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Here, it is obvious from the face of the April 2023 Complaint that Plaintiff's claims regarding an August 2020 arrest are time-barred.

Accordingly, the Complaint will be dismissed *sua sponte* under § 1915(e)(2)(B)(ii) and (iii). Amendment is futile.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Amendment is futile.

An appropriate Order will be entered.